Nott, J.
delivered the opinion of the Court.
I concur in opinion with the Recorder in this case. The administrator does not derive his authority from the ordinary, as has been insisted by the counsel for the defedant. His authority to act as administrator is derived from the ordinary, because he has the appointment to the office. But the powers which the office confers are derived from the law, and not through letters of *208 instruction from the ordinary. With regard to the contract was alleged was made by the plaintiff with the or-binary, it was nothing more than appointing the defendant his agent: an appointment which he might, at any time, revoke. Suppose the defendant had set about administering the estate in his own way, and in a manner which the administrator did not approve. Would he be required to stand by and see it wasted, without being permitted to interpose his authority to arrest the evil 1 It is true the ordinary has the power to revoke the administration, and thereby deprive the administrator of his authority. And if the danger is so great as to warrant his interference, why has he not done it 1 and why does he not do it now ? The cause has gone through two successive' Courts, and the only de-fence is, that the ordinary intends, or threatens, to revoke the letters of administration. As well mightaperson attemptto maintain an action as administrator, under the pretence that the ordinary intends to give him the appointment. The defendant might, upon the request of the ordinary, from motives of prudence, have .declined paying over the money. Cases may occur, and perhaps this is one, in which it would be proper to do so. But then the party withholding it must do it at his own risk. If the administration had been revoked, the defendant would have been safe. But under existing circumstances, he must pay the money over. The administration of the estate-cannot stand still, nor the powers of the administrator be suspended, because the ordinary does not choose to act.
The motion must therefore be refused.